NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOURDES SANCHEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHANEL, INC., a New York Domestic Business Corporation, and DOES 1-10,<br><br>Defendants. | Case No. CV 14-1358 SVW (FFMx)<br><br>[*Hon. Stephen V. Wilson, Ctrm 6*]<br><br>**STIPULATION REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS AND INFORMATION**<br><br>Complaint Filed:   January 9, 2014<br>Pretrial Conference: July 28, 2014<br>Jury Trial:           August 5, 2014 |

## **STIPULATION**

Plaintiff Lourdes Sánchez ("Plaintiff") and Defendant Chanel, Inc. ("Chanel"), by and through their respective counsel, submit and stipulate to this Stipulation Regarding the Handling of Confidential Documents and Information ("Stipulation").

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than

1

prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter a protective order approving the following Stipulation.  The parties acknowledge that this Stipulation does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulation creates no entitlement to file confidential information under seal; a document may not be filed under seal unless authorized by an order entered by the Court.

**2.    DEFINITIONS**

   2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), including but not limited to Chanel's compensation and incentive plans, and other trade secret information; Chanel's client records containing private, non-public information; and personnel records of current and former employees of Chanel.  In agreeing to the protection

/ / /

/ / /

/ / /

2

STIPULATION REGARDING THE HANDLING OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
CASE NO. 2:14-CV-01358-SVW-FFMX

17313928v.1

of "trade secret" information, the parties incorporate the definition for that term as stated in California Civil Code section 3426.1(d).[1]

Any Party may designate any documents produced, disclosed or exchanged during discovery prior to entry of this Stipulation, which such Party considers in good faith to contain confidential information, as "CONFIDENTIAL" by informing all other parties to this action in writing.  Such materials are covered by this Stipulation.

2.4     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this Action.

2.6     <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7     <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.8     <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

2.9     <u>In-House Counsel</u>:  Attorneys who are employees of Chanel.

2.10    <u>Counsel</u> (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

---

[1] California Civil Code section 3426.1(d) provides that "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

2.11 <u>Expert</u>: a person or business entity, including its employees and subcontractors, with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.     SCOPE**

The protections conferred by this Stipulation cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

Nothing in the Stipulation shall be construed as requiring disclosure of documents, information or any other materials that are privileged in nature, or subject to the attorney-client privilege or the attorney work-product doctrine, and/or documents, information or other materials that are, or may be claimed to be, otherwise beyond the scope of permissible discovery. Each Party shall produce documents absent any redactions except to the extent such documents contain confidential or proprietary information protected on the grounds of privilege, privacy or third-party privacy. Additional documents that are requested and

produced will, in instances where there is a redaction on the grounds of privilege or privacy, be subject to appropriate challenge and briefing.

## 4. DURATION

The Parties intend that the protections conferred by the designation of material as Protected Material shall apply to any documents/information produced or provided in this litigation so designated, regardless of whether or not this Stipulation has been entered by the Court. Further, upon five days from the issuance of a judgment in this matter, the Parties agree to "meet and confer" in good faith to ensure that Protected Material does not become part of the public record and ensure that Protected Material is not impermissibly disclosed to third parties. Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Stipulation must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulation (*see*, *e.g.*, second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation must be clearly so designated before the material is disclosed or produced.

5

17313928v.1

1  Designation in conformity with this Stipulation requires:

2   a. <u>For information in documentary form</u> (apart from transcripts of
3  depositions or other pretrial or trial proceedings), that the Producing Party affix the
4  legend "CONFIDENTIAL" at the top or bottom of each page that contains
5  protected material.

6   A Receiving Party may designate as "CONFIDENTIAL" documents
7  or discovery materials produced by a non-party or another Party by providing
8  written notice to all parties of the relevant documents to be so designated within
9  thirty (30) days after receiving such documents or discovery materials.  If that
10 happens, the parties agree to treat the documents as "CONFIDENTIAL" for all
11 purposes, regardless of whether the document was previously disclosed without a
12 "CONFIDENTIAL" designation.

13   b. <u>For testimony given in deposition</u> ~~or in other pretrial or trial~~
14 ~~proceeding~~s, a Party or non-party may identify on the record before close of the
15 deposition, ~~hearing, or other proceeding,~~ all protected testimony, and further
16 specify any portions of the testimony that qualify as "CONFIDENTIAL."  In the
17 alternative, a Party or non-party may also designate the transcript (or any portion
18 thereof) as "CONFIDENTIAL" within seven (7) calendar days after Counsel has
19 received the official transcript.  All information disclosed during the testimony
20 shall be deemed "CONFIDENTIAL" until the expiration of that seven (7) calendar
21 day period, whether or not any portion of the transcript has been so designated
22 previously.  **(FFM)**

23   Transcript pages containing Protected Material must be separately
24 bound by the court reporter, who must affix on each such page the legend
25 "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring
26 the witness or presenting the testimony.

27

28

1  If Protected Material is to be reviewed during a deposition, a Party may
2  exclude from the deposition room any persons other than the deponent, the
3  deposition stenographer, counsel and those individuals specified in Section 7.2.
4  Unless otherwise agreed, the deponent may not retain a copy of any deposition
5  materials deemed "CONFIDENTIAL."

6         c. <u>For information produced in some form other than
7  documentary, and for any other tangible items</u>, that the Producing Party affix in a
8  prominent place on the exterior of the container or containers in which the
9  information or item is stored the legend "CONFIDENTIAL." If only portions of
10 the information or item warrant protection, the Producing Party, to the extent
11 practicable, shall identify the protected portions.

12      5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate
13 qualified information or items as "CONFIDENTIAL" does not waive the
14 Designating Party's right to secure protection under this Protective Order for such
15 material or a Party's right to claim in the Action or thereafter than said material is
16 confidential, privileged or otherwise non-discoverable. If material is appropriately
17 designated as "CONFIDENTIAL" after the material was initially produced, the
18 Receiving Party, on notification of the designation, must make reasonable efforts
19 to assure that the material is treated in accordance with the provisions of this
20 Protective Order. In that event, the Designating Party shall promptly produce new
21 copies of the material at issue, with the proper designation. Upon receiving those
22 copies, the Receiving Party shall promptly return or destroy any copies that do not
23 include the proper designation.

24 **6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**
25      6.1 <u>Timing of Challenges</u>. A Party shall not be obligated to challenge the
26 propriety of any "CONFIDENTIAL" designation at the time made, and failure to
27 do so shall not preclude a subsequent challenge thereto or constitute an admission

28

7

STIPULATION REGARDING THE HANDLING OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
CASE NO. 2:14-CV-01358-SVW-FFMX

17313928v.1

1  that such designation was proper.  If a Party contends that any material is not
2  entitled to "CONFIDENTIAL" treatment, such Party may give written notice to
3  the Party or non-party who designated the material as "CONFIDENTIAL."  ~~Any~~
4  ~~objection to a designation shall be made within 60 calendar days of learning the~~
5  ~~facts giving rise to the objection.~~  The Parties shall first try to dispose of such
6  dispute in good faith on an informal basis.  If the dispute cannot be resolved within
7  fourteen calendar days of the written notice described above, the Party or non-party
8  who challenges the designation of the Information as "CONFIDENTIAL" ~~shall~~
9  ~~have fourteen calendar days from such written notice to~~ **may** apply to the Court for
10 an order confirming the Information or Items should not retain its designation as
11 "CONFIDENTIAL."  (See section 6.3 below.)  The Information or Items shall be
12 treated as "CONFIDENTIAL" until that motion is decided by the Court.  **(FFM)**
13         6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a
14 Designating Party's confidentiality designation must do so in good faith and must
15 begin the process by conferring with counsel for the Designating Party.  In
16 conferring, the challenging Party must explain the basis for its belief that the
17 confidentiality designation was not proper and must give the Designating Party an
18 opportunity to review the designated material, to reconsider the circumstances,
19 and, if no change in designation is offered, to explain the basis for the chosen
20 designation.  A challenging Party may proceed to the next stage of the challenge
21 process only if it has engaged in this meet and confer process first.
22         6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a
23 confidentiality designation after considering the justification offered by the
24 Designating Party may file and serve a motion under Civil Local Rule **37 (FFM)**
25 (and in compliance with Civil Local Rule 79-5.1 if applicable) that identifies the
26 challenged material and sets forth in detail the basis for the challenge.  Each such
27 motion must be accompanied by a competent declaration that affirms that the
28

8

STIPULATION REGARDING THE HANDLING OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
CASE NO. 2:14-CV-01358-SVW-FFMX

17313928v.1

movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Under no circumstances shall Protected Material be disclosed to the press or any other third-party for purposes of publicity or other non-case related reasons. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation. When the litigation has been terminated, a Receiving Party must comply with the provisions of Sections 4 and 11 herein.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation. Nothing in this Stipulation shall be deemed to restrict in any way any Producing Party with respect to the use of its own Protected Material.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a. the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

b. the Receiving Party and the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

c. experts (as defined in this Stipulation) of the Receiving Party to whom disclosure is reasonably necessary for this litigation; and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. the Court and its personnel;

e. court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

f. during their depositions, third-party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation.

g. the author of the document or the original source of the information.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL", the Receiving Party must so notify the Designating Party, in writing (by fax or e-mail, if possible) immediately and in no

10

STIPULATION REGARDING THE HANDLING OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
CASE NO. 2:14-CV-01358-SVW-FFMX

17313928v.1

event more than three calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Stipulation and the Court's Order. In addition, the Receiving Party must deliver a copy of this Stipulation and the Court's Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and the Court's Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

/ / /

/ / /

11
STIPULATION REGARDING THE HANDLING OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
CASE NO. 2:14-CV-01358-SVW-FFMX

17313928v.1

**10.   FILING PROTECTED MATERIAL**

In the event that a Party seeks to file any Protected Material, that Party must meet and confer with the Designating Party regarding whether it is necessary to file the Protected Material under seal and to inform the Designating Party that the Party intends to file Protected Material.  The Party must meet and confer at least 20 days before the filing of the Protected Material.  The Party asserting that the Protected Material should be filed under seal shall apply for an order requesting authorization from the Court.

If the Designating Party does not file an application within 20 days, the Protected Material shall be filed in the public record in this action.  If a Party that seeks to file any Protected Material does not meet and confer with the Designating Party, that Party shall seek to file the Protected Material under seal.

**11.   FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation as set forth in Section 4, above.

**12.   MISCELLANEOUS**

   12.1   Right to Further Relief.  Nothing in this Stipulation abridges the right of any person to seek its modification by the Court in the future.

   12.2   Right to Assert Other Objections.  By stipulating to the entry of this Stipulation no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Stipulation.

   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.




   IT IS SO ORDERED.



DATED:   July 1, 2014

                        /S/ FREDERICK F. MUMM
                        FREDERICK F. MUMM
                        United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order Approving the Stipulation Regarding the Handling of Confidential Documents and Information ("Protective Order") that was issued by the United States District Court for the Central District of California in the case of *Lordes Sánchez v. Chanel, Inc.*, Case No. 2:14 CV01358 SVW FFMx. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

    [Print Name]

Signature: _____

    [Signature]

1
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY
STIPULATION REGARDING THE HANDLING OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
Case No. 2:14-cv-01358-SVW-FFMx

17313928v.1